UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,                        | No.  2:14-cv-1906 DAD P |
| Plaintiff, | |
| v. | ORDER and |
| HILARY K. DAVISSON, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has neither paid the filing fee nor submitted an application to proceed in forma pauperis.

The undersigned takes judicial notice[1] of the National Pro Se Three-Strikes Database,[2] which indicates that plaintiff has been designated a "three strikes litigant" under 28 U.S.C. § 1915(g).  Such designation precludes in forma pauperis status to a prisoner bringing a civil action who has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner demonstrates that he

/////

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

[2] The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

1

is under imminent danger of serious physical injury at the time he commenced the new action.[3]

Plaintiff has been designated a three strikes litigant in at least three prior cases,[4] which together cite several instances when plaintiff's complaints have been dismissed as frivolous, malicious or for failure to state a claim.  This court has reviewed the basis of the findings in those cases and concurs that plaintiff has suffered at least three prior strike dismissals as defined by the statute.[5]

      As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint.  28 U.S.C. § 1915(g). The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056.  Allegations that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  Absent a showing that

---

[3] Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[4] See Weaver v. Gory et al., Case No. 2:09-cv-09288 UA MLG P (C.D. Cal. 2009) (ECF No. 3); Weaver v. California Correctional Institution et al., Case No. 1:06-cv-01429 OWW SMS P (E.D. Cal. 2007) (ECF 4); Weaver v. Deuel Vocational Institution, Case No. 2:13-cv-01471 MCE EFB P (E.D. Cal. 2013) (ECF 4).

[5] In this regard, the undersigned takes judicial notice of the following cases:  (1) Weaver v. California Correctional Institution Confinement SHU, Case No. 1:06-cv-00671 OWW SMS P (E.D. Cal. 2006) (dismissed July 17, 2006 as frivolous and for failure to state a claim (ECF No. 6)); (2) Weaver v. California Correctional Institution Third Watch Lieutenant, Case No. 1:06-cv-00775 OWW LJO P (E.D. Cal. 2006) (dismissed July 17, 2006 as frivolous and for failure to state a claim (ECF No. 4)); (3) Weaver v. California Correctional Institution, Case No. 1:06-cv-00863 OWW SMS P (E.D. Cal. 2006) (dismissed August 1, 2006 for failure to state a claim (ECF No. 4)); (4) Weaver v. Appeal Coordinator, Case No. 1:06-cv-00134 OWW DLB P (E.D. Cal. 2006) (dismissed August 28, 2006 for failure to state a claim (ECF Nos. 15, 11)); (5) Weaver v. California Correctional Institution, Case No. 1:04-cv-06079 LJO WMW P (E.D. Cal. 2006) (dismissed December 7, 2007 for failure to state a claim (ECF No. 40)).

plaintiff was under imminent danger of serious physical injury at the time he filed his complaint, his only option for proceeding with this action is to pay the full filing fee.

Plaintiff is currently incarcerated at Pelican Bay State Prison. In his complaint now before this court, plaintiff seeks damages for the alleged ineffectiveness and deliberate indifference of his trial counsel. Plaintiff also states that he "is just asking to renew case, with new case No#." (ECF No. 1 at 3.) The pending complaint does not challenge any conditions of plaintiff's current confinement and thus alleges no imminent danger of serious physical injury. Therefore, plaintiff may not proceed in forma pauperis in this action.

Moreover, the undersigned finds that the instant complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Review of plaintiff's other cases pending in this court demonstrates that plaintiff is pursuing his ineffective assistance claim against his prior attorney in a separate habeas corpus action. See Weaver v. Barnes, Case No. 2:14-cv-00026 LKK EFB P. (See id., ECF No. 1 at 3-7.) Because that action is still pending, plaintiff is unable demonstrate that he has prevailed on his ineffective assistance claim. He is therefore barred from seeking damages in this civil rights action. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.") Plaintiff may file a new action mirroring the instant action only if he prevails in his habeas corpus action.[6]

For the reasons set forth above, the instant action must be dismissed without leave to amend. "It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990) (citation omitted).

---

[6] However, even if plaintiff prevails in his habeas action, he may otherwise be precluded from pursuing a § 1983 action against his prior attorney since, as a matter of law, county public defenders are not state actors for purposes of § 1983. Miranda v. Clark County, 319 F.3d 465, 468-69 (9th Cir. 2003).

1   Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
2   district judge to this action.

3   In addition, for the reasons set forth above, IT IS HEREBY RECOMMENDED that
4   this action be dismissed without prejudice for failure to state a claim.

5   These findings and recommendations are submitted to the United States District Judge
6   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7   after being served with these findings and recommendations, plaintiff may file written objections
8   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
9   and Recommendations."  Plaintiff is advised that failure to file objections within the specified
10  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
11  (9th Cir. 1991).

12  Dated:  August 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
weav1906.3strikes.scrn

4